[Cite as *Cleveland v. Davis*, 2022-Ohio-195.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND,                          :

    Plaintiff-Appellee,              :

                                                  No. 110708

    v.                                              :

CHARLES DAVIS,                          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** January 27, 2022

---

Criminal Appeal from the Cleveland Municipal Court
Case Nos. 2020 CRB 006836 and 2020 CRB 007582

---

***Appearances:***

Barbara Langhenry, Cleveland Director of Law, Aqueelah
A. Jordan, City of Cleveland Chief Prosecutor, and Ameed
M. Kollab, Assistant Prosecutor, *for appellee.*

Milton and Charlotte Kramer Law Clinic, Case Western
Reserve University School of Law, Andrew S. Pollis,
Supervising Attorney, and Nadia Haile and John Schon,
Legal Interns, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Charles Davis ("Davis"), appeals his conviction and sentence. For the reasons set forth below, we reverse Davis' conviction, vacate the sentence, and remand for a new trial.

## Procedural and Factual History

**{¶ 2}** In July 2020, the city of Cleveland ("the City") charged Davis with one count each of misdemeanor domestic violence and petty theft, for allegedly engaging in an altercation with his then wife, "W.D.," and for stealing her medical scooter. At the arraignment, Davis entered not-guilty pleas to both charges, was found indigent, and was appointed an attorney for Davis' defense.

**{¶ 3}** After several pretrial hearings had been conducted, the trial court set the matter for trial. On May 18, 2021, the morning of trial, Davis' court-appointed attorney made an oral motion to withdraw stating, "He does not want me to represent him on the case * * *."

**{¶ 4}** After a brief discussion, the trial court granted appointed counsel's motion to withdraw. Thereafter, the trial ensued and Davis represented himself with the former court-appointed attorney present in the capacity of standby counsel.

**{¶ 5}** At the trial's conclusion, the trial court found Davis guilty of both charges. On June 30, 2021, the trial court sentenced Davis to 180 days in jail, with all days suspended, fined him $1,000, with $700 suspended, and ordered restitution of $400 for the domestic violence conviction. The trial court also sentenced Davis to 180 days in jail, with all days suspended, and fined him $1,000, with $800 suspended, for the petty theft conviction. In addition, Davis was placed on one year of community control.

**{¶ 6}** Davis now appeals and assigns the following sole error for review:

## Assignment of Error

The trial court erred in allowing Mr. Davis to represent himself without ensuring a knowing, intelligent, and voluntary waiver of the right to counsel.

## Law and Analysis

{¶ 7} In the sole assignment of error, Davis argues the trial court erred in allowing him to proceed to trial pro se without ensuring he had properly waived his Sixth Amendment right to counsel. The City filed a notice of conceded error pursuant to Loc.App.R. 16(B).

{¶ 8} The Sixth and Fourteenth Amendments to the United States Constitution guarantee that persons brought to trial in any state or federal court must be afforded the right to the assistance of counsel before they can be validly convicted and punished by imprisonment. *Highland Hills v. Nicholson*, 8th Dist. Cuyahoga No. 100577, 2014-Ohio-4671, ¶ 11.

{¶ 9} When a defendant manages his or her own defense, they relinquish, "as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Therefore, in order to represent themselves, defendants must "knowingly and intelligently" forgo those relinquished benefits. *Id.* at 835.

{¶ 10} In order to establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus.

{¶ 11} Although there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, the court must ensure that the defendant is voluntarily electing to proceed pro se and that the defendant is knowingly, intelligently, and voluntarily waiving the right to counsel. *State v. Hughley*, 8th Dist. Cuyahoga Nos. 92588 and 93070, 2009-Ohio-5824, ¶ 11, citing *State v. Martin*, 8th Dist. Cuyahoga No. 80198, 2003-Ohio-1499, citing *State v. Jackson*, 145 Ohio App.3d 223, 227, 762 N.E.2d 438 (8th Dist.2001).

{¶ 12} In this matter, a review of the record reveals that the trial court's inquiry consisted of the following exchange:

The Court: Would you like to go forward with trial today?

The Defendant: Not if this is the case.

The Court: What do you mean, "not if this is the case"?

The Defendant: Because, to me, it feels more like he's representing the prosecution.

The Court: No, no, no. He made a Motion to Withdraw. I have to rule on that. I'm asking you would you like to go forward with your case today?

The Defendant: Yes.

The Court: Okay. [Attorney], your Motion to Withdraw is granted. * * * The Court will ask you, however, to assist Mr. Davis — during the pendency of the trial, if something comes up, he has a question.

The Attorney: Yes, Judge.

The Court: I'm not at liberty to give you legal advice. You're going to be involved in a trial, and you may have a question, so would you mind if [standby counsel] stayed here?

The Defendant:    No.

The Court:    All right.  I'm going to ask him to stay here in case you have a question, okay?

The Defendant:    (Nods head.)

**{¶ 13}** The above colloquy reflects no discussion of the consequences of waiving counsel, the charges against Davis, or possible defenses.  As such, the inquiry was insufficient.  The record is devoid of any evidence that Davis' decision to proceed to trial pro se was made knowingly, intelligently, and voluntarily.

**{¶ 14}** Accordingly, we sustain the sole assignment of error.

**{¶ 15}** Judgment reversed, convictions and sentences vacated, and matter remanded for new trial.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.  Case remanded to the trial court for a full hearing on this matter.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR